City of Covington v. People's Building Assn. of Covington.

[Abstract Kentucky Law Reporter, Vol. 4—258.]

**Enforcing Collection of Taxes.**

The mode of taxation and the manner of enforcing the collection of taxes must be exercised in strict compliance with the terms under which the right is claimed, and when enforcing payment by a proceeding in court those having authority to impose and collect the tax must keep within the powers given them and must follow the law in every essential particular.

**Collection of Taxes by Treasurer.**

The law makes it the duty of the treasurer to collect taxes and he is clothed with authority to levy and sell the property of the delinquent taxpayer and when given such power he has no right to resort to the chancellor to collect taxes. The chancellor is not a tax collector and the treasurer in the absence of some ground for asking relief at the hands of the chancellor must pursue the delinquent taxpayer in the manner provided by the statute.

APPEAL FROM KENTON CIRCUIT COURT.

September 30, 1882.

OPINION BY JUDGE PRYOR:

The general rule with reference to the mode of taxation as well as the manner of enforcing the collection of taxes is that the power must be exercised in strict conformity with the terms under which this right is claimed, and when coercing payment by suit the compliance by those who have the authority to impose the tax, with the power delegated, must be made to appear in every essential particular.

The ordinance must show the character of property assessed. It must be designated. Publication must be made as required in order that the citizen may have notice of the assessment made to enable him to discharge his duty. The word "surplus," however, is sufficiently explicit and conveys the idea of the purpose to tax under the equalization law. And while the clerk has construed the meaning of the word "surplus" it is no objection to the averment made by him that it is specific in its character. This amount and character of property, it is alleged, was omitted under the original assessment, and if so, under the provisions of the charter, it was the duty of the clerk to make the assessment. If the individual stockholder has paid the tax it is a sufficient defense to that extent against the claim of the city. But waiving all other questions raised by the demurrer, it is difficult to perceive upon what theory the appellant proceeds in a court of equity. So far as this record shows there is no obstacle in the way of collecting this omitted tax. It is alleged that the property was omitted from the tax list and that it had been assessed by the clerk and the tax-bill placed in the hands of the city collector. What then is to prevent the city collector from making the money or collecting the tax? He has the power to collect and his tax-bill authorized him to levy and sell the property of the delinquent taxpayer. 2 Sess. Acts (1876), Ch. 440, was not passed for the purpose of making the chancellor the collector of the city taxes. That act provides (§ 7) that where the tax assessed "shall amount to $100 or over, and shall have been due and unpaid for more than six months, said city council may cause the same to be sued for in the name of the City of Covington, in the circuit court; and this shall apply to taxes now due as well as those that may hereafter become due, and whether said amount shall accrue from one assessment or successive assessments. Said city shall have the power in such cases to sue for and collect its taxes, and enforce its lien." The exercise of

this jurisdiction must be made to depend upon the action of the treasurer and city collector; that is, when their power is exhausted, and they have no means of coercing payment, the chancellor .may be appealed to upon some equitable ground to enforce payment. Any other construction would make the circuit court or the chancellor the tax-gatherer for the city and when payment is not made to the treasurer after notice given or even without notice, any taxpayer in default is liable to an action in the circuit court. Such is not a proper construction of the act. The treasurer is authorized to collect or receive the taxes after notice as provided by the charter. In default of payment the tax-bills are placed in the hands of the collector at the time or in the manner provided by the charter. He has the power to levy and sell the estate of the taxpayer and armed with such authority and with the tax-bills in his hands; why resort to a court of equity to obtain the same character of writ, or an execution upon which the same character of estate may be levied upon and sold. If the collector can not make the money and has returned his tax-bill delinquent, or there is some ground for asking relief at the hands of the chancellor, or in cases where it may be necessary to reach choses-in-action or other equitable rights existing in the city, the chancellor's aid may be invoked, but not where 'the taxpayer merely declines or fails to pay when demanded. The demurrer was therefore properly sustained.

*McKee & Finnell, for appellant.*

*J. F. & C. H. Fisk, for appellee.*

[Cited, in *Greer v. City of Covington*, 83 Ky. 410, 7 Ky. L. 419, 7 Ky. L. (Abst.) 453, 2 S. W. 323.]